UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Paul Denver,

                Plaintiff,

    –v–

Nancy A. Berryhill, Commissioner of Social Security,

                Defendant.

19-cv-1312 (AJN) (KHP)

OPINION & ORDER

ALISON J. NATHAN, District Judge:

    Plaintiff Paul Denver has commenced this action under the Social Security Act, challenging the final decision of the Commissioner of Social Security denying his claim for social security disability insurance benefits. On December 6, 2019, the parties filed their joint stipulation in lieu of motions for judgment on the pleadings. Dkt. No. 22.

    On January 27, 2020, the Honorable Katharine H. Parker, United States Magistrate Judge, issued a report and recommendation ("R & R") recommending that the Court grant the Commissioner's motion and deny Plaintiff's motion. Dkt. No. 24. Plaintiff timely objected to the R & R, raising many of the same arguments he raised in his original motion. Dkt. No. 25.

    This order assumes familiarity with the facts of this case, which are laid out in detail in the R & R. Unless otherwise noted, they are incorporated by reference herein. Having reviewed *de novo* the Administrative Record, the R & R, and the briefing on Plaintiff's Objections, the

1

Court adopts in part and rejects in part the R & R,[1] and remands the case for further administrative proceedings.

## I. Standard of Review

A district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). When a party properly objects to the magistrate judge's proposed findings and recommendations, a district court must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*

In order to merit de novo review, a party's objections must be specific rather than conclusory or general. *See Watson v. Geithner*, No. 11-cv-9527 (AJN) (HBP), 2013 WL 5441748, at *2 (S.D.N.Y. Sept. 27, 2013) ("[A] district judge may review for clear error any portions of a magistrate's recommendations to which only 'conclusory or general' objections are made." (citing *Dixon v. McGinnis*, No. 06-cv-39 (RJS), 2012 WL 6621728, at *3 (S.D.N.Y. Dec. 19, 2012))). The objections must, furthermore, have been raised before the magistrate judge, for "a party waives any arguments *not* presented to the magistrate judge." *Id.* (citing *Tarafa v. Artus*, No. 10-cv-3870 (AJN) (HBP), 2013 WL 3789089, at *2 (S.D.N.Y. July 18, 2013)). While courts in this District sometimes state that objections that "simply reiterate[ the] original arguments" merit only clear error review, *see, e.g.*, *Argenti v. Saul*, No. 18-cv-9345 (AT) (BCM), 2020 WL 1503171, at *2 (S.D.N.Y. Mar. 30, 2020), this rule lacks support in either 28 U.S.C. § 636(b)(1)(C) or Rule 72(b)(2) of the Federal Rules of Civil Procedure, and is, moreover, at odds with the rule regarding waiver, *see Watson*, 2013 WL 5441748, at *2.

---

[1] The Court has found no clear error in the portions of the R & R to which no objections have properly been made.

In this case, Plaintiff timely makes several objections to the R & R.  For the reasons that follow, the Court concludes that remand to the ALJ is warranted due to his failure to properly apply the treating physician rule.

## II.     Discussion

### A.  Legal Standard

When reviewing a decision of the Commissioner, a court may "enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision . . . , with or without remanding the cause for a rehearing."  42 U.S.C. § 405(g).  The reviewing court "is limited to determining whether the [Commissioner's] conclusions were supported by substantial evidence in the record and were based on a correct legal standard."  *Selian v. Astrue*, 708 F.3d 409, 417 (2d Cir. 2013) (quoting *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012)).  "When there are gaps in the administrative record or the ALJ has applied an improper legal standard," remand to the Commissioner for further development of the evidence may be appropriate.  *Pratts v. Chater*, 94 F.3d 34, 39 (2d Cir. 1996).

### B.  The ALJ Failed to Properly Apply the Treating Physician Rule[2]

Plaintiff objects that, contrary to the conclusion reached in the R & R, the ALJ's failure to properly apply the treating physician rule was not harmless error.  *See* Dkt. No. 25 at 6–10.  The Court agrees.

Under the treating physician rule, "[t]he opinion of a treating physician on the nature or severity of a claimant's impairments is binding if it is supported by medical evidence and not contradicted by substantial evidence in the record."  *Selian*, 708 F.3d at 418 (citing *Burgess v.*

---

[2] As Judge Parker explained, the treating physician rule has been eliminated but remains applicable to claims filed before March 27, 2017.  *See* R & R at 31 n.20.

3

*Astrue*, 537 F.3d 117, 128 (2d Cir. 2008); *Green-Younger v. Barnhart*, 335 F.3d 99, 106–07 (2d Cir. 2003); 20 C.F.R. § 404.1527(c)(2)).  The rule imposes upon the ALJ "a higher duty of explanation when determining the weight that must be given to a treating source's opinion," and "[f]ailure to properly apply [the rule], or consider the required factors, constitutes legal error." *Rolon v. Commissioner of Social Sec.*, 994 F. Supp. 2d 496, 506 (S.D.N.Y. 2014).  In order to disregard or override the opinion of a treating physician, "the ALJ must *explicitly* consider, *inter alia*: (1) the frequency, length, nature, and extent of the treatment; (2) the amount of medical evidence supporting the opinion; (3) the consistency of the opinion with the remaining medical evidence; and (4) whether the physician is a specialist."  *Rolon*, 994 F. Supp. 2d at 507 (quoting *Selian*, 708 F.3d at 418).

If the ALJ fails to apply these so-called *Burgess* factors, and thereby procedurally errs, the Court must then determine whether "'a searching review of the record . . . assure[s it] . . . that the substance of the . . . [treating physician] rule was not traversed'—*i.e.*, whether the record otherwise provides 'good reasons' for assigning 'little weight'" to the treating physician's opinion.  *Estrella v. Berryhill*, 925 F.3d 90, 96 (2d Cir. 2019) (quoting *Halloran v. Barnhart*, 362 F.3d 28, 32 (2d Cir. 2004)).  If the ALJ has procedurally erred but the record otherwise provides good reasons for its assigning of weight to the treating physician's opinion, any error is harmless and the Court will affirm; if, however, the record does not, the Court will "remand for the ALJ to 'comprehensively set forth [its] reasons.'"  *Id.* (quoting *Halloran*, 362 F.3d at 33).

Here, the ALJ failed to properly apply the *Burgess* factors when he chose to "give[] very little weight" to the assessments of Drs. Huish, Hearns, and Vlattas.  *See* R. 108.  Most significantly, the ALJ failed to expressly consider that all three doctors had been treating Plaintiff for approximately two and a half years, *see* R & R at 4, 6, 7, and that each is a board-

4

certified specialist in his field. Indeed, Dr. Huish is a board-certified physical medicine and rehabilitation specialist; Dr. Hearns is a board-certified occupational medicine specialist; and Dr. Vlattas is a board-certified pain management and physical medicine and rehabilitation specialist. R & R at 34. Both these factors are among those that the ALJ *must* give express consideration to in order to justify overriding the opinion of a treating physician. *See Selian*, 708 F.3d at 418 (citing *Burgess*, 537 F.3d at 129) (enumerating these as factors "that the ALJ must explicitly consider" to justify overriding the opinion of the treating physician). And both weigh against overriding the opinions of Drs. Huish, Hearns, and Vlattas in this case. *See* 20 C.F.R. § 404.1527(c)(2)(i) ("Generally, the longer a treating source has treated you and the more times you have been seen by a treating source, the more weight we will give to the source's medical opinion."); *id.* § 404.1527(c)(5) ("We generally give more weight to the opinion of a specialist about medical issues related to his or her area of specialty than to the medical opinion of a source who is not a specialist."). Furthermore, by considering—and rejecting—these opinions *together*, the ALJ failed to give any weight to the fact that these opinions are consistent with other medical evidence in the record because *they are consistent with one another*. *See* R. 108. This failure to "consider the required factors[] constitutes legal error." *Rolon*, 994 F. Supp. 2d at 506.

  The Court thus considers whether the record otherwise provides good reasons for assigning very little weight to the opinions of Drs. Huish, Hearns, and Vlattas and concludes, after conducting a searching review, that it does not. First the opinion of Dr. Jenouri, a one-time consultative physician, does not provide a good reason for diminishing the opinions of *three separate* treating physicians, all of which are consistent with one another. Indeed, the Second Circuit "frequently 'caution[s] that ALJs should not rely heavily on the findings of consultative physicians after a single examination.'" *Estrella,* 925 F.3d at 98 (quoting *Selian*, 708 F.3d at

5

419).  Second, the statement in the FDNY Medical Board Report—upon which the ALJ heavily relies—that Plaintiff "may engage in suitable and gainful occupation" likewise does not constitute a good reason to give very little weight to the opinions of Drs. Huish, Hearns, and Vlattas.  *See* R. 412.  That statement appears to be boilerplate language appended to the end of a report that assessed Plaintiff's disability due only to reactive airway dysfunction and no other medical conditions.  *See* R. 411–412.

Third, the fact that Drs. Huish, Hearns, and Vlattas were paid "significant fees" for their reports is likewise not a good reason to diminish their opinions.  As the Second Circuit has observed, this line of reasoning proves too much: "under the [ALJ's] standard, virtually every opinion provided would be suspect to the extent it was requested by an interested party . . . , because it is always arguably in the 'self-interest' of the doctor to help the party who requested that he give an opinion."  *Diaz v. Shalala*, 59 F.3d 307, 314 n.9 (2d Cir. 1995).  The ALJ appears to simply ignore the fact that this critique applies *equally* to Dr. Jenouri, the consultative physician whose opinion was requested by the Commissioner.  And finally, "a number of treatment notes [mis]cited by the ALJ reflect a more serious impairment than the ALJ acknowledged."  *Estrella*, 925 F.3d at 96.  Indeed, the ALJ misinterpreted and mischaracterized three separate clinical findings relied upon by Dr. Hearns as at odds with his opinion, *see* R. 108, when those findings—which indicated a pinched nerve in the neck, *see* R & R at 5 n.6 (describing the Spurling test)—in fact *supported* Dr. Hearns' opinion, *see* R. 438, 442, 452.

In light of the ALJ's failure to "explicitly consider" all four *Burgess* factors before assigning "very little weight" to the opinions of three separate treating physicians, and the lack of other "good reasons" to support that decision, the Court concludes that the ALJ "traversed the substance of the treating physician rule."  *Estrella*, 925 F.3d at 98.  Having so concluded, the

Court does not reach Plaintiff's other objections to the R & R.³ These objections do not concern the legal standards applied by the ALJ or the scope of the evidence considered, but rather they concern the ALJ's evaluation of the evidence in the record—which will necessarily be altered on remand by correct application of the treating physician rule. On remand, the ALJ should apply all four *Burgess* factors in determining the appropriate weight to accord to the opinions of Drs. Huish, Hearns, and Vlattas.

### III. Conclusion

For the foregoing reasons, the R & R is ADOPTED in part and REJECTED in part, and the matter is REMANDED to the Commissioner for further administrative proceedings consistent with this Opinion and Order. The Clerk of Court is directed to enter judgment.

This resolves Dkt. No. 22.

SO ORDERED.

Dated: June 1, 2020
       New York, New York

_____
ALISON J. NATHAN
United States District Judge

---

³ The Court agrees with the Commissioner that Plaintiff waived objections regarding the development of the record and sick days by not raising these arguments before Judge Parker. *See* Dkt. No. 28 at 17–21.